IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,550-01






EX PARTE JETHREL ROUNDTREE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1107025 IN THE 184TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to eighty years' imprisonment. The Fourteenth Court of Appeals
affirmed his conviction. Roundtree v. State, No. 14-07-00876-CR (Tex. App.-Houston [14th Dist.]
2009, pet. ref'd). 

 Applicant contends, among other things, that trial counsel failed to prevent the State from
eliciting extraneous misconduct evidence from James Graham. Applicant has alleged facts that, if
true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether Applicant or the State opened
the door to testimony that Graham had purchased cocaine from Applicant on six to eight previous
occasions. If the trial court finds that the State improperly opened the door to this testimony, the trial
court shall determine whether counsel was ineffective for failing to object. See Wheeler v. State, 67
S.W.3d 879, 885 (Tex. Crim. App. 2002) ("As a general rule, the defensive theory that the State
wishes to rebut through the use of extraneous offense evidence must be elicited on direct
examination by the defense and may not be elicited by 'prompting or maneuvering' by the State").
If the trial court finds that Applicant opened the door to this testimony, the trial court shall determine
whether counsel was ineffective. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 10, 2010

Do not publish